McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100
Attorneys for Defendant, Berkshire Life Insurance Company of America



By: _____
    Steven T. Del Mauro, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SCHEINDLIN

| | |
|---|---|
| STUART BITTERMAN, M.D., | 07 CV 11061 |
| Plaintiff, | Civil Action No. |
| vs. | |
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA | |
| Defendant. | |

## CIVIL ACTION – NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the undersigned attorneys for defendant, Berkshire Life Insurance Company of America ("Berkshire Life"), petition this Honorable Court for an order pursuant to 28 U.S.C. § 1441, et seq., removing to the United States District Court, Southern District of New York, a matter instituted in the Supreme Court of the State of New York, County of New York, bearing index number 07113844.

PLEASE TAKE FURTHER NOTICE that a copy of this removal petition has been filed with the Clerk of the Supreme Court of the State of New York, County of New York, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that by effecting removal of this civil action, Berkshire Life reserve all rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, but not limited to, FED. R. CIV. P. 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this notice of removal, Berkshire Life shall rely upon the following:

1. On or around October 19, 2007, Stuart Bitterman, M.D. ("Dr. Bitterman") filed a complaint in the Supreme Court of the State of New York, County of New York, bearing index no. 07117844. Annexed hereto as Exhibit "A" are copies of the complaint, amended summons and correspondence issued by the State of New York, Insurance Department, dated November 13, 2007, which constitutes all process, pleadings and/or orders served upon and first received by Berkshire Life to date within the meaning and intent of 28 U.S.C. §1446(b).

2. Berkshire Life was first served with amended summons and complaint on November 16, 2007, when it first received correspondence dated November 13, 2007, from the State of New York, Insurance Department, enclosing the amended summons and complaint. On November 16, 2007, Berkshire Life first had notice of the institution of suit and the basis for the removal of this civil action upon service of the amended summons and verified complaint annexed hereto as Exhibit "A." Removal is therefore timely under 28 U.S.C. §1446(b) in that the filing of the within petition occurred within thirty (30) days of the service of the amended summons and complaint upon Berkshire Life.

3. The Court's review of the complaint will reveal that at the time of the filing of the complaint and this removal petition, Dr. Bitterman maintained a primary residence located at 217 Steven Place, Woodmere, New York 11598 and is a citizen of the State of New York within the meaning and intent of 28 U.S.C. §1332.

4. Berkshire Life is a corporation of, and maintains its principal place of business in, the Commonwealth of Massachusetts and is a citizen of the Commonwealth of Massachusetts within the meaning and intent of 28 U.S.C. §1332.

5. The complaint alleges that Dr. Bitterman was insured under a policy of disability income insurance bearing policy H 0337962 issued by Berkshire Life and that Dr. Bitterman filed a claim seeking benefits due to a total disability alleged to have commenced on November 1, 2005. Dr. Bitterman claims entitlement to receive disability benefits in the amount of $3,137.00 monthly beginning February 1, 2006 to the date of the filing of the complaint, for a total disability payment of $63,954.32 (First Cause of Action).

6. Dr. Bitterman further alleges entitlement to receive a supplemental cost of living indemnity disability benefit measured at four (4%) percent from November 1, 2006 (Second Cause of Action) and further seeks a declaration that he is entitled to the monthly and supplemental disability benefit to age 65 (Third Cause of Action). Finally, Dr. Bitterman asserts what appears to be a claim for liable, slander, interference with business relationships, bad faith and/or under the New York General Business Law §349 for which he claims consequential, compensatory and punitive damages in the amount of $5 million dollars (Fourth Cause of Action).

7. At the time of the filing of the complaint and the within removal petition, the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs of suit.

8. There is complete diversity of citizenship between Dr. Bitterman and Berkshire Life at the time of the filing of the complaint and this removal petition. The jurisdictional monetary prerequisite of 28 U.S.C. §1332 has been met. As such, this court maintains

jurisdiction pursuant to and in accordance with 28 U.S.C. 1332. Removal is therefore appropriate pursuant to 28 U.S.C. §1441(a) and (b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

        MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
        Attorneys for Defendant, Berkshire Life Insurance Company
        of America

        By: _____
            Steven P. Del Mauro, Esq.

Dated: December 6, 2007

# EXHIBIT "A"

STATE OF NEW YORK
INSURANCE DEPARTMENT
One Commerce Plaza
Albany, NY 12257

STATE OF NEW YORK
Supreme Court, County of New York

Stuart Bitterman, M.D.

                    against                    Plaintiff(s)                 07113844

Berkshire Life Insurance Company of America

                                               Defendant(s)

RE: Berkshire Life Insurance Company of America

Attorney for Plaintiff(s) and Defendant please take notice as follows:

Sirs:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon me of Amended Summons and Complaint in the above entitled action on November 8, 2007 at New York, New York. The $40 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

> Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP
> Attorneys at Law
> 14 Penn Plaza, Suite 500
> New York, New York 10122

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

> David L. Kalib, Esq.
> Berkshire Life Insurance Company of America
> 700 South Street
> Pittsfield, Massachusetts 01201

*Clark J. Williams*

by Clark J. Williams
Assistant Deputy Superintendent & Chief

Dated Albany, New York, November 13, 2007
423213      C.A.#188207

RECEIVED
NOV 16 2007
BERKSHIRE LIFE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

STUART BITTERMAN, M.D.

            Plaintiff,

vs.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

           Defendants.

Index No.: 07113844
Date Filed:

Plaintiff designates New York County as the place of trial

The Basis of Venue is Defendant's Place of Business

**AMENDED SUMMONS**

Plaintiff resides at
217 Steven Place
Woodmere, NY 11598
County of Nassau

---

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 18, 2007
      New York, New York

                          SCHINDEL, FARMAN, LIPSIUS,
                            GARDNER & RABINOVICH, LLP
                         Attorneys for Plaintiff

                         By: _____
                            Cheryl D. Lipsius, Esq.
                         14 Penn Plaza, Suite 500
                         New York, New York 10122
                         (212) 563-1710

Defendant's address:   Berkshire Life Insurance Company
                         7 Hanover Square
                         New York, NY 10004-2616
                            and
                         60 Broad Street
                         New York, NY 10004-2306

AMERICAN CLERICAL SERVI[CES]

NEW YORK
COUNTY CLERK'S OFFICE

OCT 19 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
STUART BITTERMAN, M.D.,

               Plaintiff

   -against-

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

               Defendant.
------------------------------------------------------------X

Index No.: 07113844

COMPLAINT

Stuart Bitterman, M.D ("Dr. Bitterman"), by his attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich LLC, alleges as follows:

## The Parties

1. Plaintiff, Dr. Bitterman, is a resident of Nassau County, New York.

2. Defendant, Berkshire Life Insurance Company of America ("Berkshire"), at all times relevant was and is a foreign corporation duly organized and existing under the laws of Massachusetts with its corporate headquarters in Massachusetts and its New York's office located at 60 Broad Street, New York, New York 10004-2306, and its home office at 7 Hanover Square, New York, New York 10004-2616.

3. Berkshire was and is licensed by the Insurance Department of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

4. On or about December 18, 1996, Berkshire approved and offered disability policy no. H 0337962 ("Occupational Policy") with issuing date of August 28, 1996 entitling Dr. Bitterman to disability benefits if he was unable to "perform the material and substantial duties of your occupation."

5. Prior to August 29, 1996 and continuing through November 1, 2005, Dr. Bitterman was a dermatologist and dermatological surgeon.

6. During that period, Dr. Bitterman regularly engaged in the occupation of dermatology and dermatological surgery.

7. Prior to November 1, 2005, Dr. Bitterman, due to illness, reduced his hours engaged in the practice of dermatology and dermatological surgery.

8. Beginning November 1, 2005, due to illness, Dr. Bitterman severely reduced his hours engaged in the practice of dermatology and dermatological surgery.

9. Beginning in the Spring of 2006 and continuing to the present, Dr. Bitterman is performing minimal duties.

10. Dr. Bitterman is disabled and is still unable to regularly practice as a dermatologist and dermatological surgeon.

11. On or about December 15, 2005 Dr. Bitterman filed a claim with Berkshire for disability benefits for total disability as defined by the Occupational Policy, commencing on November 1, 2005.

12. Berkshire has failed to promptly resolve Dr. Bitterman's disability claim.

13. Berkshire has made no disability payments to Dr. Bitterman.

14. Dr. Bitterman was entitled to disability benefits of $3,137 per month beginning February 1, 2006 to the present, for a total disability payment of $63,954.32.

15. As of the date of the filing of this complaint Berkshire owes Dr. Bitterman $63,954.32 for past total disability benefits.

2

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiff repeats and realleges paragraphs 1 through 15 with the same force and effect as if fully set forth herein.

17. Dr. Bitterman was entitled to a supplementary disability Cost of Living Indemnity Benefit at a fixed rate of 4% from November 1, 2006.

18. As of the date of this complaint Berkshire owes Dr. Bitterman for past supplementary disability Cost of Living Indemnity disability benefit.

## AS AND FOR A THIRD CAUSE OF ACTION

19. Plaintiff repeats and realleges paragraphs 1 through 18 with the same force and effect as if fully set forth herein.

20. The Berkshire Policy provides for all monthly disability benefits including supplementary benefits until age 65, so long as Plaintiff, Dr. Bitterman remains disabled

21. Dr. Bitterman is entitled to all monthly disability benefits until age 65, so long as he remains disabled.

## AS AND FOR A FOURTH CAUSE OF ACTION

22. Plaintiff repeats paragraphs 1 through 21 with the same force and effect as if more fully set forth herein.

23. Shortly after November 1, 2005, defendant had full knowledge that plaintiff was unable to practice as a dermatologist surgeon as a result of his disability.

24. Defendant has delayed resolution of its claim for over a year and a half.

25. Defendant has failed to provide plaintiff with disability benefits with full knowledge that plaintiff's claims are meritorious.

26. Defendant has failed to provide plaintiff disability benefits without investigating them adequately.

27. Defendant's actions have been intentionally designed to harass plaintiff and/or to deny him benefits to which defendant knew he was entitled.

28. Defendant's wrongful failure to provide benefits to plaintiff has been willful, wanton, and/or grossly negligent.

29. Defendant has engaged in a broad practice of denying claims without investigating said claims adequately, and/or with full knowledge that said claims were meritorious.

30. Defendant encouraged and/or instructed its employees and/or agents to engage in a broad practice of denying or failing to provide disability benefits without investigating said claims adequately and/or with full knowledge that said claims were meritorious.

31. Berkshire has breached its duty of good faith.

32. Berkshire has libeled and slandered Dr. Bitterman and has interfered with Dr. Bitterman's business relationships causing monetary damage to Dr. Bitterman and damage to his reputation.

33. Defendant made a practice of not investigating claims on a prompt basis, in good faith and in accordance with acceptable insurance and medical and medical standards.

34. Plaintiff has suffered consequential damages.

35. Plaintiff is entitled to consequential and punitive damages.

36. Defendant has willfully and/or knowingly engaged in deceptive and/or unfair settlement practices, in violation of New York General Business Law §349.

**WHEREFORE**, Stuart Bitterman respectfully requests that the Court enter judgment against defendant declaring that:

a. Dr. Bitterman is owed $63,954.32 for past disability benefits

b. Dr. Bitterman is owed past supplementary cost of living indemnity benefits.

c. Dr. Bitterman is entitled to all future disability and supplementary benefits until age 65 so long as he remains disabled;

d. Dr. Bitterman's Berkshire Occupational Disability Policy is valid and provides coverage to Dr. Bitterman;

e. Awarding plaintiff consequential compensatory and punitive damages pursuant to New York General Business law §349 and the common law in the amount of $5,000,000;

f. Berkshire has libeled and slandered Dr. Bitterman and has interfered with Dr. Bitterman's business relationships causing monetary damage and damage to Dr. Bitterman's reputation.

g. Interest and costs; and

h. Such other relief as this Court may deem just and proper.

5

Dated: October 12, 2007
New York, New York

SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH LLP
Attorneys for Plaintiff Stuart Bitterman, N

By: _____
Cheryl D. Lipsius
14 Penn Plaza, Suite 500
New York, New York 10122
Telephone No.: (212) 563-1710
File No. 4060.2001

STATE OF NEW YORK, COUNTY OF                                    ss.:
I, the undersigned, an attorney admitted to practice in the courts of New York State,

Check Applicable Box

☐ Certification By Attorney   certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ Attorney's Affirmation   state that I am
the attorney(s) of record for
                                                                                      in the within
action; I have read the foregoing                                    and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matter not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:
                                                                              The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                    ss:
I,                                          being duly sworn, depose and say: I am

Check Applicable Box

☐ Individual Verification   in the within action; I have read the foregoing
                                              and know the contents thereof; the same is true to my own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification   the                          of
a
                      corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This
verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on                         20
                                                                              The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                      ss.:   (If more than one box is checked – indicate after names type of service used.)
I,                                          being sworn, say: I am not a party to the action, am over 18 years
of age and reside at
On                         20      I served the within

Check Applicable Box

☐ Service By Mail   by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

☐ Personal Service on Individual   by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ Service By Electronic Means   by transmitting the papers by electronic means to the telephone number listed below, with number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney at the address set forth after the name:

☐ Overnight Delivery Service   by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of
                                  for overnight delivery, prior to the latest time designated by that service for overnight delivery.

Sworn to before me on                         20

Index No.                  Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

STUART BITTERMAN, M.D.,

         Plaintiff,

-against-

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

         Defendants.

## COMPLAINT

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
*Attorneys for*     Plaintiff

*Office and Post Office Address, Telephone*
14 PENN PLAZA, SUITE 500
NEW YORK, NEW YORK 10122
(212) 563-1710

To

Attorney(s) for

Service of a copy of the within                                  is hereby admitted.

Dated,

                                                                  Attorney(s) for

Sir:—Please take notice
☐ **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on          20
☐ **NOTICE OF SETTLEMENT**
that an order                           of which the within is a true copy will be presented for
settlement to the HON.                                              one of the judges
of the within named court, at
on                            20      at                  M.

Dated,                                                             Yours, etc.

                                           SCHINDEL, FARMAN, LIPSIUS,
                                           GARDNER & RABINOVICH LLP

To                                                *Attorneys for*