McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100
Attorneys for Defendant, Berkshire Life Insurance Company of America

By: _____
     Steven P. Del Mauro, Esq.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART BITTERMAN, M.D., | : |
| Plaintiff, | : |
| | : |
| | : Civil Action No.  07cv11061 |
| vs. | : |
| | : |
| BERKSHIRE LIFE INSURANCE COMPANY | : |
| OF AMERICA, | : |
| | : |
| Defendant. | : |
| | : |

## CIVIL ACTION – ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT ON BEHALF OF BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

Berkshire Life Insurance Company of America ("Berkshire Life"), by and through its

attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of answer to the complaint

filed on behalf of Stuart Bitterman, M.D. ("Dr. Bitterman") alleges and says:

**The Parties**

    1.      Berkshire Life admits the allegations contained in paragraph 1.

2.      Berkshire Life denies the allegations contained in paragraph 2 except to admit that it is a foreign corporation organized and existing under the laws of Massachusetts with corporate headquarters in Massachusetts.

3.      Berkshire Life admits the allegations contained in paragraph 3.

## AS AND FOR A FIRST CAUSE OF ACTION

4.      Berkshire Life denies the allegations contained in paragraph 4 except to admit to the issuance of a policy of disability income insurance bearing policy no. H 0337962 to Dr. Bitterman which contains a date of issue of August 28, 1996.  Berkshire Life begs leave to refer to the terms and conditions of the policy of disability income insurance which speaks for itself.

5.      Berkshire Life is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 5, except to admit Dr. Bitterman was licensed as a dermatologist.

6.      Berkshire Life is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 6, except to admit Dr. Bitterman was licensed as a dermatologist.

7.      Berkshire Life is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 7 and leaves Dr. Bitterman to his proofs.

8.      Berkshire Life is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 and leaves Dr. Bitterman to his proofs.

9.      Berkshire Life denies the allegations contained in paragraph 9.

10.      Berkshire Life denies the allegations contained in paragraph 10.

11.      Berkshire Life denies the allegations contained in paragraph 11, except to admit that Dr. Bitterman commenced a claim on or about December 15, 2005, alleging total disability.

12.    Berkshire Life denies the allegations contained in paragraph 12.

13.    Berkshire Life admits the allegations contained in paragraph 13.

14.    Berkshire Life denies the allegations contained in paragraph 14.

15.    Berkshire Life denies the allegations contained in paragraph 15.

## AS AND FOR A SECOND CAUSE OF ACTION

16.    Berkshire Life repeats and realleges each answer to the allegations contained in paragraphs 1-15, inclusive, as if the same were fully set forth a length herein.

17.    Berkshire Life denies the allegations contained in paragraph 17.

18.    Berkshire Life denies the allegations contained in paragraph 18.

## AS AND FOR A THIRD CAUSE OF ACTION

19.    Berkshire Life repeats and realleges each answer to the allegations contained in paragraph 1-18, inclusive, as if the same were fully set forth at length herein.

20.    Berkshire Life denies the allegations contained in paragraph 20, and begs leave to refer to the terms and conditions of the policy of disability income insurance which speaks for itself.

21.    Berkshire Life denies the allegations contained in paragraph 21.

## AS AND FOR A FOURTH CAUSE OF ACTION

22.    Berkshire Life repeats and realleges each answer to the allegations contained in paragraph 1-21, inclusive, as if the same were fully set forth at length herein.

23.    Berkshire Life denies the allegations contained in paragraph 23.

24.    Berkshire Life denies the allegations contained in paragraph 24.

25.    Berkshire Life denies the allegations contained in paragraph 25.

26.    Berkshire Life denies the allegations contained in paragraph 26.

27.    Berkshire Life denies the allegations contained in paragraph 27.

28.    Berkshire Life denies the allegations contained in paragraph 28.

29.    Berkshire Life denies the allegations contained in paragraph 29.

30.    Berkshire Life denies the allegations contained in paragraph 30.

31.    Berkshire Life denies the allegations contained in paragraph 31.

32.    Berkshire Life denies the allegations contained in paragraph 32.

33.    Berkshire Life denies the allegations contained in paragraph 33.

34.    Berkshire Life denies the allegations contained in paragraph 34.

35.    Berkshire Life denies the allegations contained in paragraph 35.

36.    Berkshire Life denies the allegations contained in paragraph 36.

**WHEREFORE**, Berkshire Life demands judgment dismissing the complaint, with prejudice, costs of suit, reasonable attorney fees and such other relief as the court deems equitable and just.

## SEPARATE DEFENSES

1.    The complaint fails to state a claim upon which relief may be granted.

2.    The causes of action and/or relief sought should be barred and/or precluded by virtue of the New York Insurance Frauds Prevention Act, § 401 et seq.

3.    The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of waiver.

4.    The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of laches.

5.    The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of estoppel.

4

6.      The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unclean hands.

7.      The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiff's fraud and/or misrepresentation.

8.      The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unjust enrichment.

9.      The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiff's contributory negligence.

10.     The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiff's comparative negligence.

11.     The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiff's breach of contract.

12.     The causes of action and/or relief sought should be barred and/or precluded by virtue of public policy of the State of New York.

13.     The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiff's breach of the duties of good faith, honesty and integrity.

14.     The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of avoidable consequences.

15.     The causes of action and/or relief sought should be barred and/or precluded by virtue of the applicable period and/or statute of limitations.

16.     The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiff's failure to comply with the terms and provisions of the disability insurance.

5

17.    The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiff's failure to mitigate the damages sustained.

18.    The causes of action and/or relief sought should be barred, precluded and/or diminished by virtue of plaintiff's failure to comply with the terms, conditions, limitations and exclusions contained in the policy of disability income insurance.

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys for Defendant, Berkshire Life Insurance Company
of America


By: _____
            Steven P. Del Mauro, Esq.

Dated:   December 12, 2007
1030190_1.doc